IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
NOV 30 2000

GERARDO CARBAJAL,
JERRY CARBAJAL,

      Plaintiffs,

vs.                                            No. CIV 99-1054M/DJS

COUNTY OF BERNALILLO,
BERNALILLO COUNTY SHERIFF'S
OFFICE, JOE BOWDICH, individually
and in his capacity as Sheriff of
Bernalillo County, STEVEN BACA,
individually and in his capacity as a
Deputy of the Bernalillo County Sheriff's
Department, MATTHEW GONZALES,
individually and in his capacity as a Deputy
of the Bernalillo County Sheriff's Department,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This case comes up on Defendants' Motion for Summary Judgment. Plaintiffs' civil rights action, filed pursuant to 42 U.S.C. sections 1983 and 1985, alleges a conspiracy to deny civil rights and use of excessive force when Bernalillo County Sheriff's Deputies Steven Baca and Matthew Gonzales allegedly entered Plaintiffs' property unlawfully and arrested and falsely imprisoned both Plaintiffs. Defendants argue that (1) Plaintiffs fail to demonstrate that Defendants had a policy or custom of violating constitutional rights, (2) Sheriff Joe Bowdich is not liable individually and in his official capacity holds a qualified immunity, (3) Plaintiffs fail to demonstrate unconstitutional acts, (4) Deputies Baca and Gonzales hold qualified immunity, (5)



Plaintiffs offer no evidence of a conspiracy, and (6) Plaintiffs fail to establish the elements of a state law negligence claim.

I find and conclude there are genuine issues of material fact, and except for claims of conspiracy and individual liability, Defendants' motion must be denied. In addition, even though my decision holds against Defendants on issues of qualified immunity, I do not consider this order denying summary judgment appealable because it does not depend on a legal determination and rests solely on the existence of disputed facts.

## Undisputed Facts

1. Defendants Steven Baca and Matthew Gonzales are deputy sheriff's officers employed by the County of Bernalillo Sheriff's Department; and both were working in that capacity on August 6 and 7, 1997, when they encountered the Plaintiffs in the Plaintiffs' home and the events giving rise to this lawsuit took place.

2. Plaintiffs' home is located in the County of Bernalillo, State of New Mexico.

3. Deputies Baca and Gonzales went to Plaintiffs' home after a call to the Sheriff's Department from Plaintiff Gerardo Carbajal's wife, who was at another location at the time of the call.

4. On August 6, 1997, Plaintiff Gerardo Carbajal's wife was visiting at the home of Janelle Sandoval, a residence also located in Bernalillo County.

5. Knowing his wife was at the Sandoval home, Plaintiff went there to find his wife and bring her home. While there, Plaintiff told his wife "Get your fucking ass out here or I'm going to beat the fuck out of you." At some point, Plaintiff also pushed Janelle Sandoval, a woman not related to him.

2

6. After Plaintiff's appearance at the Sandoval home, his wife telephoned the Sheriff's Department and reported that because Plaintiff had threatened her, she was afraid to go home.

7. Deputy Baca states that while talking on the telephone with Plaintiff's wife, he heard Plaintiff threaten her. Plaintiff apparently called the Sandoval home on another line at the same time Plaintiff's wife was talking with Deputy Baca and Plaintiff's wife asked Deputy Baca to listen to the conversation.

7. After the call from Plaintiff's wife to the Sheriff's Department, Deputies Baca and Gonzales went to Plaintiff Gerardo Carbajal's home and informed Plaintiff he was under arrest for assault on a household member.

8. Deputies Baca and Gonzales forced their way into Plaintiff's home and an altercation followed. The struggle between Plaintiff Gerardo Carbajal and Deputies Baca and Gonzales, resulted in injuries to the Plaintiff which required him to be transported to a hospital by ambulance and admitted for care.

9. Plaintiff Jerry Carbajal was arrested in his home at the time the deputies came to arrest his father.

While these facts are not enough to settle claims against Defendants for use of excessive force and violation of civil rights, all other facts are contested. At the same time, the Fourth Amendment issues implicated by Plaintiffs' allegations invoke clearly established law, and if proven, Plaintiffs' claims constitute violations of constitutionally protected rights. This entitles Plaintiffs to go forward. Dill v. City of Edmond, 155 F.2d 1193 (10th Cir.1998).

The only claims for which Plaintiffs present no evidence are (a) the claim of conspiracy, and (b) the claim of individual liability against Defendant Sheriff Joe Bowdich. These alone can

3

be disposed of at this time. Mitchell v. Maynard, 80 F. 3d 1433 (10th Cir. 1996); Sauers v. Salt Lake County, 1 F.3d 1122 (10th Cir.1993).

Defendants argue that Plaintiff presents no evidence of a department policy, regulation or decision endorsing behavior of Deputies Baca and Gonzales which may have been excessive. However, without a clear picture of what happened in Plaintiffs' home on August 6 and 7, 1997, it is not possible to foreclose the issue at this point. Depending on the actions found to have occurred, the acts alone may stand as some evidence of department policies and procedures.

Similarly, as to Plaintiffs' claim of negligent supervision and training, it is impossible to conclude that Defendants are entitled to judgment as a matter of law without knowing what it is Deputies Baca and Gonzales did once they arrived at the Plaintiffs' home; and all of that at this point is contested. It is also required at this point that facts be construed liberally in favor of the party opposing the motion for summary judgment. Harsha v. United States, 590 F.2d 884, 887 (10th Cir.1979). Construing the facts in the light most favorable to Plaintiffs, it is impossible to say that no rational trier of fact could find for Plaintiffs. Therefore, genuine issues remain for trial and preclude summary judgment. Matsushita Elec.Indus.Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Defendants' request that Plaintiffs' late response to the Motion for Summary Judgment be stricken is denied because there are less drastic and more appropriate sanctions available for the failure to file a timely response, a lapse very probably attributable to counsel and not the Plaintiffs.

NOW, THEREFORE, IT IS ORDERED that Defendants' Motion for Summary Judgment is granted in part and Plaintiffs' claim of conspiracy to deny civil rights and Plaintiffs' claim that

4

Defendant Joe Bowdich is individually liable for injuries alleged are dismissed with prejudice; and

    IT IS FURTHER ORDERED that the remainder of Defendants' Motion for Summary Judgment is denied.

                                                      */s/*
                                      SENIOR UNITED STATES JUDGE